The opinion of the Court was delivered by
Richardson, J.
The first question presented, is — can justices and freeholders, supposing the unwritten lease to have expired, hold jurisdiction of the case, under the Act of 1812 ? The words are, “leased or demised in writing.” These are too plain to be questioned. Justices cannot take cognizance of such a case under that Act.
2. Can justices, &e., take cognizance of such a ease under the Act to amend the former, passed the 18th December, 1717, upon the same grounds, under an unwritten lease ?
This Act is of more doubtful construction. The ^preamble contemplates extending the jurisdiction of justices and freeholders to cases of leases written or unwritten ; but when we come to the enacting clauses, the jurisdiction is in no way extended to unwritten leases, but merely the mode of proceeding arranged. So that we are left, in this respect, as it regards jurisdiction, to the Act of 1812, until we come to the last section, which, as I have before recited, enacts, that no tenant shall make repairs or alterations, &c., without written permission, under pain of forfeiture of his unexpired term under a lease, “ parol” or “ written.” The intention is so expressed in this enacting section, that we may enforce it as far as this particular section gives jurisdiction. The justices, &c., then have cognizance of such cases under unwritten leases, upon the charge that alterations have been made by the tenant.
But in this particular case, two objections are made.
1. That the Act of 1817 is prospective, and cannot include a lease made in 1816. Whatever weight this objection might possibly have in case the proceeding of the justices, &c., had been to eject the tenant exclusively, because the term had expired, it can have none under the last clause of the Act. This clause is not prospective; the words are, “it shall not be lawful for any tenant,” &c. And it will not be surmised that it infracts any right which the tenant had acquired under his pre *304 vious lease. The tenant never had the right to alter the premises demised ; and the Act in this section does no more than provide a new remedy and punishment for a particular trespass, which was always illegal.
Dunkin and K’Oyley, for the motion. Kennedy, contra.
2. If it is said, that the justices acted irregularly in permitting testimony of alteration made, when no charge of that kind had been exhibited by the landlord, we have no specification of charges made by the landlord upon any point. The inquisition is general, “ for illegally withholding, &c., a certain house and lot.” To answer the objection, let us inquire, for what prohibition lies ? The complaint should be, that the Pal’ty aggrieved has been drawn ad aliud escamen *by a jurisdiction usurped, or by a process disallowed by the laws. See 2 Inst. 229, 607, 243. 2 H. Black. 100. “ The general ground,” says the last authority, “being an excess of jurisdiction, when they assume a power to act in matters not within their cognizance.” Lord Loughborough goes on to state (in the same well considered case, Grant v. Sir Char. Goulds,) in which the charge of irregularity was directly in question, one other ground of prohibition, which is, indeed, he continues, but a species of the other, to wit, that where the authority is limited by Act, (meaning an authority which was before inherent in the Inferior Court,) the Court which acted differently from the prescription of the Act, exceeded its jurisdiction, and is therefore liable to prohibition. “Beyond these two grounds,” said the judge, “ it does not occur to me that there is any other, which can be stated, upon which the Courts of Westminster Hall can interfere in the proceedings of other Courts, where the matter is within their jurisdiction.” Coming directly to the charge of irregularity in the proceedings, he says, p. 107, “the most that can be made of it is an error in the proceedings; but we cannot prohibit on that account.” The doctrine then appears to be well settled, and to grant a prohibition against the justices in this case, would be to exercise appellate powers, and to review their proceedings.
The motion is, therefore, unanimously dismissed.
All the judges concurred.